PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq. (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
MELINDA MARTINEZ

*Defense Counsel Listed Below

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>SAFEWAY, INC. and NORTH NATOMAS TOWN CENTER, LLC,<br><br>Defendants | Case No. 3:19-cv-01477-EDL<br><br>Civil Rights<br><br>**CONSENT DECREE AND [PROPOSED] ORDER FOR INJUNCTIVE RELIEF FOR INJUNCTIVE RELIEF, DAMAGES, AND ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS**<br><br>Action Filed: March 21, 2019 |

William Murphy, Esq. (SBN 82482)
Dillingham & Murphy, LLP
601 Montgomery Street, Suite 1900
San Francisco, California 94111
Phone: (415) 397-2700
Fax: (415) 397-3300
Email: wfm@dillinghanmurphy.com

Attorney for Defendants
SAFEWAY, INC. and NORTH NATOMAS TOWN CENTER, LLC

1. Plaintiff MELINDA MARTINEZ filed a Complaint in this action on March 21, 2019, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws and to obtain recovery of damages for discriminatory experiences, denial of access, and denial of civil rights against Defendants SAFEWAY, INC., and NORTH NATOMAS TOWN CENTER, LLC ("Defendants").

1. Plaintiff has alleged that Defendants violated Title III of the ADA; Sections 51, 52, 54, 54.1, 54.3 and 55, of the California Civil Code, and Health and Safety Code §§ 19953 et. seq. by failing to provide full and equal access to users of the facilities located at 2851 Del Paso Road, Sacramento, California.

2. In order to avoid the costs, expense, and uncertainty of protracted litigation, Plaintiff and Defendant SAFEWAY INC. ("Safeway") (together sometimes the "Parties") agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief, damages, and attorneys' fees, litigation expenses and costs, raised in the Complaint without the need for protracted litigation. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning Plaintiff's claims for relief.

## JURISDICTION:

3. The Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. section 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. sections 12101 et seq. and pursuant to supplemental jurisdiction for alleged violations of California Civil Code sections 51, 54, and 54.1.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

## SETTLEMENT OF INJUNCTIVE RELIEF:

4. This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint.

5. The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards

for Accessible Design, unless other standards are specifically agreed to in this Consent Decree and Order.

    a. **Physical Remedial Measures and Administrative Procedures:**

        i. Safeway shall provide an van accessible parking space compliant with applicable accessible building codes.

        ii. Safeway shall provide a marked accessible path of travel from the accessible parking space to the entrance of the gas station store that is at least 36" wide.

        iii. Safeway shall provide an entrance door that is at least 32" wide.

        iv. Safeway shall provide a transaction counter or a section of the transaction counter, which is no greater than 34" above the finished floor.

        v. Safeway shall provide clear floor space in front of the transaction counter that provides the required 60" turn around space, or comparable code compliant turn around space.

    b. **Policy Based Remedial Measures and Administrative Procedures:**

        i. Safeway shall create and follow a policy of having staff assist persons with disabilities in retrieving items for purchase that cannot be places within reach. A sign explaining that policy shall be prominently displayed within the gas station store.

        ii. Safeway shall create and follow a policy of never storing items in the access aisle next to the van accessible parking space, and keeping the path of travel leading from the accessible parking space to the store clear.

    c. **Timing**: Safeway will complete each item on the schedule stated in this Consent Decree by July 31, 2019. In the event that unforeseen difficulties prevent Safeway from completing any of the agreed-upon

injunctive relief, Safeway or its counsel will notify Plaintiff's counsel in writing within seven (7) days of discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer with Safeway and its counsel, and to approve the delay by stipulation or otherwise respond to Safeway's notice. If the Parties cannot reach agreement regarding the delay within that time period, Plaintiff may seek enforcement by the Court.

    d. Safeway or defense counsel will notify Plaintiff's counsel when the corrective work is completed, and, whether completed or not, will provide a status report to Plaintiff's counsel no later than July 15, 2019.

    e. If Safeway fails to provide injunctive relief on the agreed upon timetable and/or fail to provide timely written status notification, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorney's fees for any compliance work necessitated by Safeway's failure to keep this agreement. If the Parties disagree about Plaintiff's fees incurred for enforcement of this agreement, the parties agree to participate in a Magistrate Judge-conducted Settlement Conference for the purposes of resolving the disputed fees. If the Settlement Conference fails to resolve the fee dispute, Plaintiff may seek relief via motion for an order directing the Safeway to pay Plaintiff's counsel reasonably incurred fees and costs.

## DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:

    6. Safeway agrees to pay Plaintiff a total of $22,500 for Plaintiff's damages, attorney fees, litigation expenses and costs shall be paid by one check payable in the amount of $22,500 to "REIN & CLEFTON IN TRUST MELINDA MARTINEZ" and delivered to

Plaintiff's counsel's office, located at 200 Lakeside Drive, Suite A, Oakland California, on or before May 15, 2019.

## LIQUIDATED DAMAGES CLAUSE

7. Time is of the essence for this agreement. Delay in payment to Plaintiff creates uncertainty for Plaintiff and Plaintiff's counsel in resolving this matter. In the case of Plaintiff's counsel, this may also mean spending time pursuing collections issues instead of representing disabled persons on other matters and advancing the public interest in making other sites accessible. In consideration of these issues, if Safeway does not pay both the attorney fees and damages contemplated in this Agreement on or before the date specified in this Agreement, Safeway agrees to pay $250 per day for each day that payment is not received by Plaintiff. If enforcement of the monetary terms of this agreement becomes necessary, Safeway agrees that that damages incurred pursuant to this clause accumulate as part of and are incorporated in the settlement amount. They do not stop accumulating unless and until the entire settlement amount is received by Plaintiff, unless otherwise agreed by the parties in writing. Damages pursuant to this clause are recoverable by any motion to enforce this agreement, including but not limited to motions to enforce this clause, any motion for attorney fees in association with enforcement of this agreement, and/or enforcement of judgment entered by the Court.

## ENTIRE CONSENT DECREE AND ORDER:

8. This Consent Decree and Order constitute the entire agreement between the signing Parties on the matters of injunctive relief, damages, attorneys' fees, litigation expenses, and costs, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief described herein.

# CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:

9. This Consent Decree and Order shall be binding on Plaintiff, Defendants, and any successors-in-interest. Defendants have a duty to so notify all such successors-in-interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

10. Except for all obligations required in this Consent Decree and Order each of the Parties to this Consent Decree and Order, on behalf of each of their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

# MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:

11. Each of the Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by Defendants and the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or

1. ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

12. Except for all obligations required in this Consent Decree and Order each of the Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges Defendants and each of them and each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

13. This Consent Decree and Order shall be in full force and effect for a period of eighteen (18) months after the date of entry of this Consent Decree and Order by the Court.

**SEVERABILITY:**

14. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

15. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an

original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

CONSENT DECREE AND [PROPOSED] ORDER

| | |
|---|---|
| 1 Dated: _____, 2019 | PLAINTIFF MELINDA MARTINEZ |
| 2 | |
| 3 | _(signature)_ MELINDA MARTINEZ |
| 4 | |
| 5 Dated: 5/13, 2019 | SAFEWAY, INC. |
| 6 | |
| 7 | By: _(signature)_ |
| 8 | Printname: Elizabeth A Hanya |
| 9 | Title: Senior Corporate Counsel |
| 10 Approved as to form: | |
| 11 Dated: 5/6/, 2019 | REIN & CLEFTON |
| 12 | |
| 13 | By: _(signature)_ |
| 14 | AARON M. CLEFTON, Esq. |
| 15 | Attorneys for Plaintiff MELINDA MARTINEZ |
| 16 Dated: May 8, 2019 | DILLINGHAM & MURPHY, LLC |
| 17 | |
| 18 | By: _(signature)_ |
| 19 | WILLIAM MURPHY, ESQ. |
| 20 | Attorneys for Defendants SAFEWAY, INC. and NORTH NATOMAS TOWN CENTER, LLC |

## ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: May 23, 2019

_____
*Elijah D Lantz* (for)
Honorable Elizabeth D. LaPorte
U.S. Magistrate Judge